Date signed December 29, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| WALTER I. PERALTA | : | Case No. 09-24183PM |
| Debtor | : | Chapter 13 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| WALTER I. PERALTA | : | |
| Movant | : | |
| vs. | : | |
| WORLDWIDE FINANCIAL RESOURCES, INC. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and/or WELLS FARGO BANK N.A. | : | |
| Respondents | : | |

### MEMORANDUM OF DECISION

This bankruptcy case under Chapter 13 comes before the court following for a hearing on Debtor's Motion for valuation of certain real estate located at 1105 Allison Drive, Rockville, Maryland. Debtor asserts that the fair market value of the subject is $205,000.00. The property is encumbered by two deeds of trust, both of which are held by Wells Fargo Bank, N.A. The senior deed of trust is in the sum of $215,996.23, and the second lien is in the sum of $38,228.48. Wells Fargo asserts that the property is worth more than $225,000.00. If Debtor is correct, then, pursuant to the holdings of such cases as *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009), *Johnson v. Asset Management Group,* 226 B.R. 364 (D. Md. 1998), and *In re Pond*, 252

F.3d 122 (CA2 2001), Respondent's claim is wholly unsecured and will be treated as an unsecured claim under Debtor's Chapter 13 Plan and avoided upon consummation of Debtor's Plan.

The matter came before the court for trial. Testimony was received primarily from two expert witnesses stating their opinions as to value. Debtor also testified as to the condition of the property that is not his residence but rather has been used for a number of years as a rental property. Both experts testified as to the declining real estate market. Debtor's expert testified that in his opinion the property is worth $205,000.00. The Respondent's expert testified that in his opinion the property is worth $225,000.00. Of the two expert witnesses, the court finds that the expert testifying on behalf of the Debtor was by far more qualified and experienced, particularly with appraisals in the Montgomery County area, and the court fully credits his testimony and discounts the testimony offered by the Respondent's expert. Debtor's expert is a member of the Society of Residential Appraisers, an organization for which fewer than 10% of residential appraisers qualify. In support of his lower appraisal, he testified concerning water damage to the property and the presence of a mold-like substance, a fact corroborated by the Debtor, as well as considerable deficiencies caused by the failure to maintain the property, such as window damage and tile coming up on the floor. He further testified as to the addition of an illegal porch on the rear of the property and the creation of a second enclosure, neither of which was constructed with the required permit. In the expert's opinion, both permit deficiencies would be highlighted on any appraisal and would most likely bar the issuance of an FHA insured loan, a massive depressant on the valuation of the property. The Respondent's expert played down the importance of the defects described by his counterpart.

After consideration of all of the competent testimony, the court accepts the testimony of the Debtor's appraiser in its totality, rejects the testimony of his counterpart, and finds the value of the property to be $205,000.00. An appropriate order will be entered.

cc:
Timothy J. Sessing, Esq., 11300 Rockville Pike, Suite 610, Rockville, Md 20852
Mark S. Devan, Esq., 606 Baltimore Avenue, Suite 302, Towson, Md 21204
Walter I. Peralta, 115 Lamont Lane, Gaithersburg, MD 20878
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**